**MARIA HEYWOOD, Plaintiff/Appellant**

v.

**CRUZAN MOTORS, INC., Defendant/Appellee**

Civil No. 1984/224

District Court of the Virgin Islands

Div. of St. Croix

November 27, 1985

FRANK FORD III, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff/ appellant*

TODD H. NEWMAN, ESQ. (NICHOLS & NEWMAN), Christiansted, St. Croix, V.I., *for defendant/appellee*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The issue presented in this appeal from the Territorial Court is whether the court erred in dismissing the plaintiff's action. For the reasons stated below, we affirm the dismissal.

## I. FACTS

Plaintiff Maria Heywood ("Heywood") purchased a 1980 Pontiac Phoenix from the defendant, Cruzan Motors, Inc. ("Cruzan"), on June 29, 1979. Shortly thereafter, Heywood discovered a multitude of defects[1] and returned the automobile to Cruzan for repairs. Ultimately, she refused to take the car back from Cruzan and demanded that the dealer replace the vehicle.

On January 22, 1980, Heywood filed a complaint with the Virgin Islands Consumer Services Administration ("CSA"). After a hearing, Agency Director Helen I. Joseph, concluded that Heywood was not entitled to a new car because Cruzan had repaired the defects but awarded Heywood $300 as compensation for her inconvenience.

Unsatisfied with this result, Heywood petitioned the CSA for reconsideration on January 22, 1982. She also filed a complaint in the Territorial Court that April, alleging breach of warranty and intentional infliction of emotional distress.[2]

Upon Cruzan's motion, the Territorial Court dismissed the complaint for lack of jurisdiction on two grounds.[3] First, it held that no action had been taken on the petition for reconsideration and, therefore, Heywood had failed to exhaust her administrative remedies before seeking judicial review of the CSA's determination. The court found alternatively that even if judicial review were proper, Heywood misplaced jurisdiction because the United States District Court has exclusive appellate jurisdiction over consumer matters.

---

[1] An impartial mechanic retained by the Consumer Services Administration corroborated Heywood's claim that the Pontiac was a "lemon". The mechanic found the following defects:

INTERIOR—rotted floor carpets
rotted upholstery
unaligned glove compartment
emergency brake handle constantly fell out of its socket
broken door handles
broken interior ornaments
extensive rusting of the floor carpets and along the inside of the doors

EXTERIOR—rusting throughout exterior of vehicle
broken exterior ornaments
unaligned car doors
leaks in and around the lights causing water to rot out the trunk and interior upholstery, in addition to causing an infestation of cockroaches
vinyl roof peeling and some sections were missing
peeling paint

[2] The tort claim was filed in an amended complaint on October 19, 1983.

[3] Civil No. 274/82 (decided April 11, 1984).

The court rejected Heywood's argument that she was free to bring a territorial action because the CSA hearing was "investigatory" and no ruling had issued.[4] This appeal followed.

## II. DISCUSSION

 It is "a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938); McKart v. United States, 395 U.S. 185, 193 (1968). The exhaustion doctrine preserves the autonomy and integrity of administrative agencies. At the heart of the doctrine is the agencies' role as a trial court in developing the factual background which is used on appeal. Underscoring this are the agencies' expertise and the discretion they are accorded by statute. McKart, supra at 193; Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund, 693 F.2d 290, 293 (3d Cir. 1982); Bethlehem Steel Corp. v. Environmental Protection Agency, 669 F.2d 903, 907 (3d Cir. 1982). Judicial economy is also fostered by exhaustion because an administrative decision may dispose of a matter entirely or at least obviate an appellate court's need to make factual findings. Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 767 (1947); McKart, supra at 193–94. See also Republic Industries, supra at 293; American Federation of Government Employees (AFL–CIO) Local 1904, AFGE (AFL–CIO), Local 1498, AFGE (AFL–CIO) v. Resor, 442 F.2d 993, 994 (6th Cir. 1971). In short, exhaustion requires the courts to avoid premature interruption of the administrative process, allowing agencies to not only develop a record but also to correct their errors. E.g., McKart, supra at 195.[5]

The Territorial Court found that Heywood commenced an action

---

[4] In support of this contention, Heywood produced correspondence from Joseph describing the hearing as "informal" and "non-binding". (Plaintiff's Exh. 3.) The Territorial Court, however, found that the $300 award by the CSA constituted a ruling. The court noted that Heywood must have agreed because she filed a petition for reconsideration of that ruling.

[5] The doctrine is not absolute and the Third Circuit has recognized three narrow exceptions: (1) when the nonjudicial remedy is clearly shown to be inadequate to prevent irreparable harm; (2) when resort to the nonjudicial remedy would violate constitutional or statutory rights, and (3) when exhaustion would be futile. Republic Industries, supra at 293; Bethlehem Steel Corp., supra at 907–08. See also E. H. McDowell v. Government of the Virgin Islands, 1980 St. T. Supp. 71 (D.V.I. March 18, 1980); Atlas Motor Inns, Inc. v. Hachette, 1980 St. T. Supp. 144 (D.V.I. May 23, 1980). None of the exceptions are applicable here.

before the CSA pursuant to the Virgin Islands Consumer Code, 12A V.I.C. § 1 et seq., resulting in a damage award. The court reasoned that Heywood's sole recourse as a disgruntled plaintiff was to follow the appeal procedure detailed in 12A V.I.C. § 7. In pertinent part, the statute provides:

§ 7. Appeals

(a) Any person directly or adversely affected by acts, orders or resolutions issued by the Director in accordance with the powers granted by this chapter, may within the ten (10) days following his notification, file a written petition for reconsideration, specifying his objections.

(b) Any person aggrieved by the decision of the Director to a request for reconsideration may, within ten (10) days following the date of the notice of such decision file an appeal for review to the District Court of the Virgin Islands.

Subsection (a) mandates that reconsideration by the CSA is the first rung of appeal in consumer actions. Caselaw has affirmed the plain language of the statute. In Cyntje v. Wasco, 1979 St. T. Supp. 457 (D.V.I. October 24, 1979), an appeal from a CSA ruling was dismissed for failure to comply with 12A V.I.C. § 7(a). The District Court lacked jurisdiction because "a precondition to appeal to the District Court from an adverse order of the Director is a written petition for reconsideration . . . ." Id. at 457–58. See also Cyntje v. Joseph, 17 V.I. 285, 287 (Terr. Ct. 1981).

It is uncontroverted that Heywood initiated an appeal. The Territorial Court was justified in treating her lawsuit as an appeal and based upon this finding, Heywood was required to obtain a determination of her petition for reconsideration before seeking judicial review of her CSA action. A further appeal without exhausting this administrative remedy had no jurisdictional basis and was correctly dismissed.

Dismissal was also warranted because the appeal was brought in the wrong court. Subsection (b) vests appellate jurisdiction over consumer matters exclusively with the United States District Court. Thus, the Territorial Court lacked subject matter jurisdiction over Heywood's appeal.

Heywood's territorial action may also be viewed as a collateral proceeding. We find that this is the proper interpretation of counsel's intent in filing the second proceeding because the complaint stated two causes of action, one of which is a tort claim that could

499

not have been raised before the CSA. Therefore, the Territorial Court had subject matter jurisdiction over both claims. We find, however, that the court properly dismissed the action.

A. *The Warranty Cause of Action*

■ ■ The doctrine of res judicata requires a finding that Heywood was barred from relitigating her claim in the Territorial Court. Res judicata precludes relitigation of a claim by parties once a final judgment has been reached on the merits. Brown v. Felson, 442 U.S. 127, 131 (1979); Montana v. United States, 440 U.S. 147, 153 (1979). The doctrine is generally applicable to administrative proceedings which by nature are adjudicatory, judicial or quasi-judicial. United States v. Utah Construction Co., 384 U.S. 394, 422 (1965); Commissioner of the Internal Revenue v. Sunnen, 333 U.S. 591, 598 (1948); Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 401–02 (1940). The Third Circuit, however, has adopted a flexible approach when applying res judicata to administrative decisions.

In Coulter v. Weinberger, 527 F.2d 224, 228 (3d Cir. 1975), the court stated:

> Administrative res judicata is a significant aid to the efficient operation of an adjudicative agency. However, strict adherence to res judicata's restrictive effects is not particularly appropriate in an administrative setting where the claimants are generally not represented by counsel and the process is not based on adversarial concepts. See 2 Davis, Administrative Law § 18.03 (1958); Lauritzen v. Weinberger, 514 F.2d 561 (8th Cir. 1975); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969); Annot., 14 A.L.R. Fed. 776 (1973).

■ The law of res judicata applies to CSA hearings because petitioners, including Heywood, are represented by agency attorneys. Moreover, in view of the potential liability that could arise from Heywood's demand for a new car, it is difficult to believe Cruzan did not contest the claim in an adversarial manner. Accordingly, the Territorial Court properly dismissed Heywood's warranty cause of action.

B. *The Tort Claim*

The Territorial Court correctly dismissed the claim for intentional infliction of emotional distress because Heywood failed to state a claim upon which relief could be granted. Restatement (Second) of Torts § 46(1) states the prima facie elements of this tort:

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

The requisite conduct is described in Comment d:

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . . The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Moreover, Comment h charges the trial court with determining whether a defendant's conduct is extreme and outrageous.

The Third Circuit adopted this approach in Moolenaar v. Atlas Motor Inns, Inc., 616 F.2d 87 (3d Cir. 1980). The Moolenaar plaintiff was arrested by a hotel manager after refusing to leave the hotel's nightclub. The Third Circuit found that the jury should not have been instructed on the allegation of intentional infliction of emotional distress because the plaintiff suffered mere embarrassment and humiliation. Id. at 89.

■ The Territorial Court was justified in dismissing Heywood's tort claim because, like the Moolenaar plaintiff, she was simply not subjected to the type of outrageous conduct required by § 46. We recognize no cause of action for inconvenience and tried patience.

### III. CONCLUSION

In conclusion, the Territorial Court correctly dismissed Heywood's complaint. Viewed as an appeal, the warranty cause of action was premature and res judicata barred it as a collateral proceeding. The claim for intentional infliction of emotional distress failed to state a legally cognizable action.

### ORDER

THIS MATTER is before the Court on appeal by the plaintiff, Maria Heywood, from the Territorial Court's dismissal of her complaint. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the decision of the Territorial Court be, and the same is hereby ORDERED AND ADJUDGED AFFIRMED.