# MONIQUE H. MANNS, Plaintiff
## v.
# THE LEATHER SHOP, INC., and KATHRYN M. PETERSON, Defendants

Civ. No. 1996-169M

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 6, 1997

ARCHIE JENNINGS, ESQ., St. Thomas, U.S.V.I., *for Plaintiff*

BENNETT CHAN, ESQ., (Dudley Clark & Chan), St. Thomas, U.S.V.I., *for Defendants*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on defendants' motion to dismiss all the plaintiff's counts against defendant Kathryn M. Peterson, and Count II, III, and IV with respect to defendant, The Leather Shop, Inc., and award the defendant its costs and attorney's fees. For the reasons set forth below, defendants' motion to dismiss with respect to Kathryn M. Peterson and The Leather Shop, Inc., are granted.

### I. Facts

Monique Manns ["plaintiff" or "Manns"], was employed by Kathryn M. Peterson ["defendant" or "Peterson"], sole owner and operator of a closely held corporation named The Leather Shop, Inc. ["defendant," or "Leather Shop"] in St. Thomas, V.I. The Leather Shop hired Manns as a temporary floor manager, until after a training period, when she would be transferred to the position of inventory control. Manns became suspicious when the Leather Shop later hired a white female for the position of inventory control. Soon after, Manns brought her suspicions to Peterson's attention. Manns proceeded to explain to Peterson that only white employees held the upper level positions within the corporation. After being pressured, Peterson refused to discuss the situation further.

215

On or about July 5, 1995, the Leather Shop terminated Manns with no written or articulated reason. Manns filed charges with the Equal Employment Opportunity Commission at the Department of Labor and received a 'Right to Sue Letter' dated June 5, 1996.

Manns instituted an action against Peterson in her individual capacity, and the Leather Shop, alleging employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, (Count I), Defamation (Count II), Injurious Falsehood (Count III), and Intentional Infliction of Emotional Distress (Count IV). This Court will grant the defendants' motion to dismiss for the reasons that follow. Thus the only remaining count will be the employment discrimination count against the Leather Shop (Count I).

## II. Discussion

### A. Standards on Motion to Dismiss

The court cannot dismiss an action under Federal Rules of Civil Procedure 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims as pled which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The factual allegations raised in the complaint must be assumed to be true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969). The complaint should be construed liberally in the plaintiff's favor, giving that party the benefit of all fair inferences which may be drawn from the allegations. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

■■ In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must view all factual allegations in the complaint as true and must construe the complaint liberally. *Francis v. Graham Miller (Caribbean) Ltd.*, 26 V.I. 184 (Terr. Ct. 1991). Since a motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint, the court's inquiry is limited to the contents of the

complaint. *Pepper-Reed Co. v. McBro Planning and Development Co.*, 19 V.I. 534 (D.V.I. 1983). A claim, under Rule 8(a), need only be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

### B. Defendants' Motion to Dismiss the Employment Discrimination Count

Peterson argues that the plaintiff's claim for 'employment discrimination' should be dismissed with respect to her because she is not an 'employer' within the meaning of that term as defined in Title VII. Title VII provides:

> It shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

The statute defines 'employer' as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of a person." 42 U.S.C.A. § 2000e-2(a)(1), (b)(West Supp. 1981).

Courts have consistently agreed that "title VII does not permit the imposition of liability upon individuals unless they meet . . . [the] definition of 'employer.'" *Grant v. Lone Star Company, B.L.*, 21 F.3d 649, 652 (5th Cir. 1994); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2nd Cir. 1995); *see also Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3rd Cir. 1996) (deciding that individual employees cannot be held liable under Title VII). Congress limited the liability under Title VII to employers with 'fifteen or more employees' in part to shield small businesses from having the burden of litigating discrimination claims. *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Thus, placing the burden to litigate discrimination cases on individuals would go against the intent of Congress. *Id.*

■ Individual liability may also not be imposed on employers even if they are the sole owners of the business. *Humphreys v. Medical Towers, LTD.*, 893 F.Supp 672 (S.D. Tex. 1995); *aff'd mem.*, 100 F.3d 952 (5th Cir. 1996). In *Humphreys* the plaintiff, a former

building manager, brought an action against her employer, Medical Towers, LTD. ["MTL"], and David A. Lawson, ["Lawson"] in his individual capacity, for a violation of Title VII. Lawson, was the plaintiff's supervisor and the president and sole shareholder of Diva, which, in turn, was the general and managing partner of MTL. Lawson was also a limited partner of MTL. Although Lawson retained all control over the operations, made all the decisions, and was the sole shareholder, and president, the court held that this was "insufficient standing alone, to impose individual liability upon him under Title VII." *Id.* at 688. The court further articulated that "only when the supervisor is acting in an official capacity . . . can he be deemed an 'agent' of the employer. Therefore, any recovery against the agent must be in his official, not individual capacity," and that "finding an individual employee of a private corporation liable in his official capacity is tantamount to finding the corporation liable." *Id.*

Similarly, the fact that Peterson is the sole owner of the Leather Shop and retains control of its operations and decisions does not render her liable in her individual capacity under Title VII. Peterson may be held liable only in her official capacity, as an agent of the Leather Shop. Accordingly, defendants' Rule 12(b)(6) motion to dismiss Kathryn M. Peterson as a defendant is granted.

### C. Defamation

■ Defendants contend that the plaintiff has not stated facts that support Count II of defamation in her complaint, making dismissal for failure to state a claim appropriate. The court agrees. An allegation of defamation in a complaint is subject to a more stringent standard of pleading under Rule 8 than is usually the case. CHARLES A. WILLIAM & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: § 1245 (Civ. 2d 1990). "A complaint of defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom." *Ersek v. Township of Springfield, Delaware County,* 822 F. Supp. 218, 223 (E.D.Pa. 1993) *aff'd mem.,* 102 F.3d 79 (3rd Cir. 1996).

■ To prevail on a claim for Defamation under Virgin Islands law, plaintiff must show the following:

a) a false defamatory statement concerning another;

b) an unprivileged publication to a third party;
c) fault amounting at least to negligence on the part of the publisher; and
d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Ross v. Bricker*, 26 V.I. 314, 319, 770 F. Supp. 1038, 1042 (D.V.I. App. 1991) (citing Restatement (Second) of Torts § 558 (1977)).

The allegations set forth by the plaintiff in her compliant for defamation are

> that the defendant published 'statements' with the express or implied intent to injure the plaintiff's good name and reputation; that the defamatory 'statements' were either published intentionally with reckless disregard for the truth or through its negligence and without utilizing any standard of care to assure that said 'statements' were true and accurate; that by reason of defendants' statements plaintiff has lost self esteem, employment opportunities, reputation in the community, and the community at large, by alluding to facts of poor performance when such facts did not exist; thereby, affecting her, present and future income and has incurred medical and legal expenses as a result of the publication of said false statements; and has been deprived of substantial income and trade that she would have received from employment elsewhere.

█ Reading the complaint in the light most favorable to the plaintiff, the allegations of defamation are not explicit enough to withstand the motion to dismiss. Plaintiff's Count II simply does not support a claim of defamation. The plaintiff vaguely claims certain defamatory 'statements' were made and published without giving any hint when they were made or what they contained. The plaintiff thus failed to give the defendant adequate notice of what she must defend against. It is not up to the defendant or this court to ferret out what statements the plaintiff is referring to in support of her claim of defamation. Accordingly, Count II of plaintiff's complaint must be dismissed for failing to provide a short plain

statement showing that the pleader is entitled to relief. FED. R. CIV. P. 8.

The plaintiff attached a letter purporting to be evidence of the alleged defamatory statements, to her opposition to the motion to dismiss. Since plaintiff represented at oral argument that the information in the letter is the only basis for the defamation count, we will consider it in deciding this motion. Assuming that the letter is an accurate representation of the alleged defamatory statements, and, further, that the plaintiff would seek formally to amend the complaint to add its specific statements, Count II must still be dismissed.

The attached letter· presents the substance of a conversation between Peterson and a private investigator posing as a prospective employer inquiring about Ms. Manns. The alleged defamatory statements made by Peterson during that conversation appear simply to be a frank assessment of Manns' performance, giving the negatives and positives. Peterson stated that the plaintiff has a "bad temper and is unforgiving" and "if you cross Manns she loses it." (Plan.'s Oppos. to Def.'s Motion to Dismiss, Ex. A. at 1-2.) This barely rises to name calling.

■ Peterson further explained that "Manns would show up to work with a 'black cloud over her head.'" *Id.* On the other hand, Peterson also stated that "Ms. Manns was excellent with sales," and "brilliant with computers." *Id.* Mere insults, and name-calling do not amount to defamatory statements. RODNEY A. SMOLLA, LAW OF DEFAMATION, ¶ 4.03, at 4-12 (1995). "No matter how obnoxious, insulting, or tasteless such name-calling, it is regarded as a part of life for which the law of defamation has no remedy." *Id.* These statements are insufficient to establish the prima facie case for defamation, as the alleged statements are not defamatory.

■ Even assuming that the statements the defendant made to the private investigator were defamatory, the claim would still fail because they are conditionally privileged. According to the letter, the defendant believed that she was speaking to the plaintiff's prospective employer, not to a private investigator. The Restatement (Second) of Torts provides "if the recipient of the publication is not in fact a proper person to receive the information, the

220

privilege nevertheless applies if the publisher reasonably believes that is the case." RESTATEMENT (SECOND) OF TORTS § 595. Furthermore, "a former employer of a servant is conditionally privileged to make a defamatory communication about the character or conduct of the servant to a present or prospective employer." *Id.* Assuming that the plaintiff properly introduced the letter and that the statements were defamatory, the court would still dismiss the claim because the statements are privileged. Count II is therefore dismissed.

*D. Injurious Falsehood*

■ The tort of injurious falsehood and defamation are similar. RESTATEMENT (SECOND) OF TORTS § 623A. "The overlap between the two torts means that the same speech may in appropriate circumstances give rise to both causes of action." SMOLLA, LAW OF DEFAMATION ¶ 11.02[5][b], at 11-35. The fundamental difference between the torts is that defamation addresses the loss of the individual's reputation, and injurious falsehood focuses on the loss of the pecuniary value to commercial or property interests. Id. To establish a claim for injurious falsehood under Virgin Islands law, the plaintiff must exhibit the following:

a) falsity of the statement;
b) injury to pecuniary interests, such as property, products, or business;
c) publication to a third person;
d) special harm in the form of actual pecuniary loss; and
e) intent, malice, or fault to cause harm.

RESTATEMENT (SECOND) OF TORTS § 623A; SMOLLA, LAW OF DEFAMATION, ¶ 11.02[1] & [2][e], at 11-32, 33.

The plaintiff alleges in her injurious falsehood count that

the 'statements' made by the defendant were made with the express intent to result in harm; such statements were made with complete disregard to their truth or falsity and so injured the plaintiff in her present economic interest and future earnings; and as a result of such a violation the defendant is liable for all present and future income that has been lost as a result of the 'statements'.

221

Count III of the plaintiff's complaint must be dismissed for the same reasons the claim for defamation is dismissed. After reviewing the complaint in the light most favorable to the plaintiff, the plaintiff has not made a sufficient statement of her claim showing that she is entitled to relief.

## E. Intentional Infliction of Emotional Distress

Defendants assert that the plaintiff has stated no facts in support of her claim for intentional infliction of emotional distress, and it should be dismissed. The Court agrees.

To prevail on a claim for intentional infliction of emotional distress the defendant must be "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . ." *Id.* at § 46. The defendants' conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at cmt. d; *Cox v. Keystone Carbon Co.,* 861 F.2d 390 (3d Cir. 1988); *Moolenaar v. Atlas Motor Inns, Inc.,* 616 F.2d 87 (3d Cir. 1980). The plaintiff alleges

> that the defendants made 'statements' regarding alleged misconduct and poor job performance against the plaintiff for the express intent to inflict harm and that it did result in harm to the plaintiff; that the 'statements' were made with false or reckless disregard for their truth or falsity; the statements placed the plaintiff in false light and held her up to public ridicule, public contempt and embarrassment in the Virgin Islands, which has resulted in severe emotional distress.

Taking all of the allegations as true, the defendants' conduct is simply not extreme or outrageous. The plaintiff does not allege that the conduct resulted in any physical harm. *See Heywood v. Cruzan Motors, Inc.,* 21 V.I. 495, 792 F.2d 367, 372 (3 Cir. 1986) (holding that "when there is no physical injury, . . . the conduct is expected to be "sufficiently extreme and outrageous . . . [to] guarantee that the claim is genuine," citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. k.) Allegations that the defendant made statements concerning the plaintiff's poor job performance and alleged misconduct simply do

222

not rise to the level of extreme and outrageous behavior by the defendant.

Even if the plaintiff prevails under her Title VII claim against the Leather Shop, the conduct still does not rise to the level of extreme and outrageous conduct to support the claim of intentional infliction of emotional distress. *See Codrington v. Virgin Islands Port Authority*, 33 V.I. 215, 911 F. Supp. 907, 916 (D.V.I. 1996) (articulating that "Title VII statutory discrimination occurs at a much lower threshold of inappropriate conduct than the threshold required for the tort of intentional infliction of emotional distress"). Therefore, Count IV also must be dismissed.

## III. Conclusion

Upon reviewing the plaintiff's complaint in the light most favorable to the plaintiff, and giving the plaintiff the benefit of all fair inferences, the defendants' motion to dismiss must be granted. A Title VII employment discrimination suit cannot be brought against a person in her individual capacity. Therefore, Count I of the complaint against Peterson in her individual capacity must be dismissed under Rule 12(b)(6).

The plaintiff's allegations of defamation in Count II must be dismissed against both defendants because the plaintiff failed to state a claim upon which relief can be granted. The tort of injurious falsehood in Count IV fails for the same reason. The plaintiff has failed to show that she is entitled to relief for either the tort of defamation (Count II) or the tort of injurious falsehood (Count III). Lastly, the plaintiff failed to state a claim for the tort of intentional infliction of emotional distress (Count IV).

This defendant's motion to dismiss Kathryn M. Peterson from Count I is granted, and the Leather Shop and Peterson are dismissed from Counts II, III, and IV. A determination whether costs and attorney's fees should be awarded to defendant will be deferred. An appropriate order is attached. The case will continue on Count I against defendant Leather Shop.

ENTERED this 6th day of March, 1997.

## ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that the defendants' motion to dismiss is GRANTED; and it is further

ORDERED that a ruling on Defendant's motion to award costs and attorney's fees is deferred. This case will proceed on Count I only against the Leather Shop, Inc.

ENTERED this 6th day of March, 1997.