**HILDA CLARKE, Plaintiff**

**v.**

**COLOMBIAN EMERALDS INTERNATIONAL and RICHARDS C. WENCK, Individually and in his capacity as Store Manager for Columbian Emeralds International Group, Defendants**

T.C. CIVIL NO. 217/1998

Territorial Court of the Virgin Islands

Division of Saint Croix at Kingshill

April 14, 1999

Eszart A. Wynter, Sr., Esq. Offices of Eszart A. Wynter, Sr., P.C., #27 Estate Whim, P.O. Box 1847, Frederiksted, St. Croix, U.S. Virgin Islands 00841 *(Attorney for Plaintiff)*

Micol L. Morgan, Esq. Dudley Clark & Chan, 9720 Estate Thomas, Suite 1, St. Thomas, U.S. Virgin Islands 00802 *(Attorney for Defendants)*

CABRET, *Judge*

## MEMORANDUM OPINION

Richards C. Wenck moved to dismiss Counts III and IV of Hilda Clarke's complaint against him on the ground that these counts fail to state a claim upon which relief can be granted. For reasons which follow, Wenck's motion will be granted.

## I. MOTION TO DISMISS STANDARD

To prevail on a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant must show "that the plaintiff can prove no set of facts in support of the claims as pled which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)." *Manns v. Leather Shop, Inc.*, 960 F. Supp. 925 (D.V.I. 1997). Because the motion challenges the sufficiency of the complaint, the plaintiff's factual allegations are taken as true and liberally construed. *Id.*

## II. FACTS

Viewed in this light, the complaint in this case shows that Clarke is fifty-seven years old,[1] of "Puerto Rican ethnicity"[2] and was previously employed as a sales associate by Defendant Columbian Emeralds International ("CEI"). During her ten years of employment with CEI, Clarke was one of the company's most successful sales associates. In 1997, however, Clarke's store manager, Defendant Wenck, stated on a performance review that she had a "'language problem'" and that she should "'work on expanding her english vocabulary.'"[3] Clarke's employment with CEI was subsequently terminated.

Among other causes of action asserted in her complaint, in Count 3 Clarke alleges that her discharge "was discriminatory as to race, color or national origin in violation of Title 42 U.S.C. Section 2000e-2."[4] Clarke also alleges in Count 4 that her discharge "was discriminatory as to age and in violation of Title 29 U.S.C. Section 621 *et seq.*"[5]

## III. DISCUSSION

Wenck contends that Counts 3 and 4 must be dismissed against him because individual defendants cannot be held personally liable for damages under the cited statutes. The Court agrees.

---

[1] Clarke's alleged age when she filed her complaint on February 9, 1998.

[2] Compl. at paragraph 4.

[3] *Id.* at paragraphs 25, 26.

[4] *Id.* at paragraph 45.

[5] *Id.* at paragraph 48.

## A. Clarke's Claim for Race Discrimination

Clarke's claim under Count 3 of her complaint is based on 42 U.S.C. § 2000e-2 (a)(1) which provides in part that it is unlawful for an "employer" to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." The term "employer" is defined in relevant part as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. 2000e (b) (1994).

The issue here is whether the phrase "any agent of such a person" permits recovery against an employer's supervisory personnel.

> Some courts have held that the literal language means supervisory personnel and other agents of the employer are statutory 'employers' who may be held individually liable for discriminatory acts. *See, e.g., Paroline v. Unisys Corp.,* 879 F.2d 100, 104 (4th Cir. 1989), *rev'd in part, aff'd in relevant part,* 900 F.2d 27 (4th Cir. 1990) (en banc). By contrast, at least three circuits and a number of district courts have interpreted this section not as creating individual liability but as a simple expression of respondeat superior: discriminatory personnel action taken by an employer's agent only create liability for the employer-entity. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Grant v. Lone Star Company,* 21 F.3d 649, 651-53 (5th Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991).

*Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2nd Cir. 1995) (district court citations omitted). These latter circuit courts have refused to permit individual liability because "the statutory scheme and remedial provisions of Title VII indicate that Congress intended to limit liability to employer-entities with fifteen or more employees." *Id.* at 1314. Thus, it is "'inconceivable' that a Congress concerned with protecting small employers would simultaneously allow civil liability to run against individual employees." *Id.* (citing *Miller,* 991 F.2d at 587).

9

■ When the issue came before the Third Circuit in *Sheridan v. E.I. Dupont de Nemours*, 74 F.3d 1439 (3rd Cir. 1996), vacated, 74 F.3d 1439 (3rd Cir. 1996), the court adopted the position that an individual employee cannot be liable under Title VII. *See Dici v. Pennsylvania*, 91 F.3d 542, 552 (3rd Cir. 1996). Although that opinion was vacated, in a subsequent case involving the same issue, the court concluded "for the reasons previously given by the court in Sheridan and the other court of appeals, that individual employees cannot be held liable under Title VII." *Id.* at 552.

In the instant case, Clarke has alleged that Wenck is liable under Title VII because he was the store manager in charge of supervising her. Even if Clarke's allegations are true, however, it is clear that he cannot be held personally liable for discriminatory conduct under 42 U.S.C. § 2000e-2 (a)(1). *Dici*, 91 F.3d at 552. Rather, any discriminatory action taken by Wenck would only create liability for the employer-entity, CEI. *See Tomka*, 66 F.3d at 1313. Accordingly, Wenck's Motion to Dismiss this count will be granted.

## B. Clarke's Claim for Age Discrimination

Clarke's claim for age discrimination under Count 4 of her complaint is based on 29 U.S.C. § 623(a)(1) which provides in part that it is unlawful for an "employer" to "discharge any individual . . . because of such individual's age." The term "employer" is defined in relevant part as "a person engaged in an industry affecting commerce who has twenty or more employees . . . [and] any agent of such a person." 29 U.S.C. § 630(b) (1999).

■ The issue here is identical to that discussed above regarding Clarke's claim for race discrimination. And, because of the similarities between the two statutory schemes, courts have used the same reasoning and reached the same conclusions regarding the personal liability of supervisory employees. *See Miller*, 991 F.2d at 587-88; *see also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994). Thus, without belaboring the point and for the reasons discussed above, the Court concludes that the definition of employer under 29 U.S.C. § 630(b) does not make supervisory personnel liable for acts of age discrimination, but rather incorporates "'respondeat superior liability into the statute.'" *Miller*, 991

F.2d at 587. Accordingly, Wenck's Motion to Dismiss this count will be granted.

## IV. CONCLUSION

For the above-stated reasons, the Court concludes that Clarke's claims against Wenck for race and age discrimination must be dismissed. Neither 42 U.S.C. § 2000e-2 (a)(1), nor 29 U.S.C. § 623 (a)(1) make supervisory employees personally liable for their acts of race or age discrimination. Instead, these statutes merely impose liability upon the employer under the doctrine of respondeat superior.