**CALVIN K. R. McCOY, Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORP. and UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC, Defendants**

Civ. No. 1995-132

District Court of the Virgin Islands

Division of St. Croix

September 21, 1999

RONALD E. RUSSELL, ESQ., St. Croix, U.S.V.I., *for plaintiff*

BETH MOSS, ESQ., St. Croix, U.S.V.I., *for defendant*

MICHAEL J. SANFORD, ESQ., St. Croix, U.S.V.I., *for defendant*

Moore, *Judge*

### MEMORANDUM

Defendants Hess Oil Virgin Islands Corp. ["HOVIC"] and United Steelworkers of America, AFL-CIO-CLC, ["USWA"] seek to dismiss plaintiff Calvin K. R. McCoy's ["McCoy"] complaint for

failure to state a claim. As explained below, the Court will deny the defendants' motions.

## FACTUAL SUMMARY

McCoy worked as a millwright at HOVIC for several decades. HOVIC suspended McCoy for insubordination in September, 1994, and later warned him upon his return to work that "racial comments would not be tolerated." (*See* Pl.'s Pet. to Vacate Arbitrator's Decision and Award, Nov. 3, 1995, Ex. A, at 2.) Upon reporting to work on October 24, 1994, the plaintiff allegedly announced, "[t]onight's the night McCoy gets suspended," and then refused to stop referring to himself as a "nigger" after his superiors instructed him not to use that term. (*See id.*, Ex. A, at 1.) Four days later, HOVIC fired the plaintiff for insubordination.

At that time, a collective bargaining agreement ["CBA"] regulated the employment relationship between HOVIC and the members of McCoy's union, USWA. The CBA forbade HOVIC from discharging employees like McCoy without cause, and instituted an employee grievance procedure that would, if necessary, culminate in binding arbitration. (*See* Pl.'s Am. Pet., Dec. 27, 1995, at 3.) McCoy protested his discharge to USWA, which promptly filed for arbitration on his behalf.

After USWA and HOVIC selected an arbitrator, the parties appeared at an arbitration hearing on March 28, 1995. Although both parties apparently had the opportunity to examine witnesses and present exhibits at this hearing, only HOVIC appeared through an attorney. The CBA did not provide that USWA would present its members' grievances through counsel, (*see id.*, Ex. B, § 24), and according to McCoy, the union never informed him that he could retain private counsel for that purpose. *See id.* at 4-5.)

On May 5, 1995, the arbitrator denied McCoy's grievance in writing. (*See* Pl.'s Pet. to Vacate Arbitrator's Decision and Award, Nov. 3, 1995, Ex. A, at 3-6.) Less than six months later, McCoy filed this action against the defendants in Territorial Court, alleging that HOVIC violated the CBA by firing him without cause, and that USWA unfairly represented him. The defendants then removed this case to District Court, and the plaintiff revised his complaint.

272

## DISCUSSION

■ Exercising jurisdiction under 28 U.S.C. § 1331, the Court will consider whether the plaintiff's complaint fails to state a claim. Since the defendants challenge the sufficiency of the complaint, the present inquiry focuses on its contents. *See Manns v. The Leather Shop, Inc.*, 36 V.I. 214, 216, 960 F. Supp. 925, 927-28 (D.V.I. 1997). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a). "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court cannot dismiss the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) (footnote omitted). Hence, the Court presently must accept the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1075 (3d Cir. 1997).

The original and revised complaints are somewhat opaque. McCoy appears to press a "hybrid" claim under section 301 of the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185, and the general scheme of the National Labor Relations Act, 29 U.S.C. §§ 151-69.[1] Under section 301, employees may appeal an adverse arbitral decision "if they can show that their union breached its duty of fair representation." *See Werner Continental, Inc. v. Vosch*, 734 F.2d 149, 154 (3d Cir. 1984) (citation omitted). To gain relief under the statute, however, McCoy must demonstrate both that USWA failed to fairly represent him in pursuing his grievance and that HOVIC breached the CBA by firing him. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 165, 76 L. Ed. 2d 476, 103 S. Ct. 2281 (1983). Applying these precepts, the Court concludes that the plaintiff's complaint contains allegations which, if proven, would entitle him to relief.

---

[1] (*See* Pl.'s Am. Pet., Dec. 27, 1995, at 1 (alleging jurisdiction under both statutes); Tr., Feb. 29, 1996, at 34 ("This is a 301 action.") (statement of Ronald E. Russell, Esq., attorney for plaintiff).) McCoy's complaint also complains that HOVIC wrongfully discharged him. (*See* Pl.'s Am. Pet., Dec. 27, 1995, at 7-8.) Of course, the plaintiff cannot advance this claim founded on Virgin Islands law until he establishes: (1) that he has standing to challenge the arbitral decision; (2) that he is entitled to relief under section 301; (3) that such relief is not sufficient; and (4) that the Court has diversity jurisdiction to hear the claim.

## I. USWA's Duty of Fair Representation

■ USWA must fairly represent its members, but the union has wide discretion in determining how to pursue its members' rights. *See Masy v. New Jersey Transit Rail Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986). Its advocacy must have been "arbitrary, discriminatory, or in bad faith" to constitute an abuse of this discretion and a breach of the duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 190, 17 L. Ed. 2d 842, 87 S. Ct. 903 (1967). Although perfunctory handling of an employee grievance constitutes arbitrary conduct prohibited by LMRA, see *id.* at 191, mere negligence or poor judgment by USWA does not render its advocacy unfair. *See Findley v. Jones Motor Freight*, 639 F.2d 953, 959 (3d Cir. 1981).

Has McCoy properly alleged that USWA's representation fell outside the range of acceptable performance and tainted the adverse arbitral decision? He bases his claim of unfair representation on the following six acts or omissions: (1) USWA did not follow pre-arbitration procedures for dispute resolution mandated by the CBA; (2) USWA did not inform the plaintiff that he could retain counsel; (3) USWA proceeded to arbitration even though there was "a case still pending regarding issues that [bore] on the issues [to be] determined by the arbitrator"; (4) USWA "may have conspired to fire and uphold the [plaintiff's] firing"; (5) USWA selected a white arbitrator who did not "understand the culture of the Caribbean and the issues that were presented to him," and would uphold the plaintiff's discharge; and (6) USWA failed to "diligently represent [the plaintiff] by utilizing an appropriate attorney" or proper preparation, testimony, evidence, or objections. (*See* Pl.'s Am. Pet., Dec. 27, 1999, at 5-6.)

■ Accepting these contentions as true for present purposes, see *supra*, the Court can infer from McCoy's complaint that USWA processed his grievance in perfunctory fashion and discriminated against him, violating its statutory duty of fair representation.

First, USWA's failure to employ the pre-arbitration devices for dispute resolution mandated by the CBA before submitting McCoy's grievance to arbitration might not have been mere

negligence or poor judgment, as the defendants suggest.[2] "Certain acts or omissions by a union may . . . support a finding that the grievance was processed in a perfunctory [and thus arbitrary] manner." *Findley*, 639 F.2d at 960. In *Findley*, the Court of Appeals refused to characterize a union's presentation of an employee's grievance as "perfunctory" because the plaintiff's claim "was taken through every stage of the grievance procedure available under the contract." *See id.* According to McCoy, USWA failed to submit his grievance to *any* of the mandatory pre-arbitration mechanisms established by the CBA. The plaintiff has properly alleged that USWA processed his grievance in an arbitrary or perfunctory fashion, to his detriment.

Second, McCoy claims that USWA "may have conspired to fire" him by selecting a biased, white arbitrator who would uphold his termination. If the plaintiff can prove this grave allegation at trial, he would establish beyond doubt that USWA's advocacy or representation was "discriminatory, or in bad faith."[3] Again, the plaintiff has stated a claim.

## II. HOVIC's Conduct under the Collective Bargaining Agreement

■ To withstand the defendants' motions, McCoy's complaint must also contain allegations which, if true, would at least suggest that HOVIC violated the CBA in firing him. *See DelCostello*, 462 U.S. at 165. The plaintiff claims that HOVIC breached the CBA by

---

[2] As proponents of separate Rule 12(b)(6) motions, the defendants are not entitled to a presumption that such carefully constructed mechanisms were overlooked, or that USWA made a blameless error in representing McCoy. As previously stated, the Court must draw reasonable inferences from the complaint in the plaintiff's favor at this stage of the proceedings.

[3] USWA contends that these allegations fail to state a claim because "the federal courts do not have jurisdiction to entertain claims of conspiracy under [section] 301." (*See* Def.'s Mem., Dec. 19, 1995, at 6 (quoting *Building Material & Dump Truck Drivers v. Traweek*, 867 F.2d 500, 512 (9th Cir. 1989) (citation omitted)).) The union correctly cites the prevailing rule, but that rule does not apply here. McCoy has not pled a civil conspiracy cause of action against the defendants, and he need not rely on the existence of a conspiracy to show that USWA discriminated against him: He has alleged that USWA *acted* to find an arbitrator who was biased against him. (*See* Pl.'s Am. Pet., Dec. 27, 1995, at 5-6.) The possibility that USWA and HOVIC also *conspired* to achieve this end cannot destroy subject matter jurisdiction under LMRA; otherwise, union members might never have standing to protest concerted acts of discrimination perpetrated by their exclusive bargaining representatives at arbitration.

terminating him without cause. (*See* Pl.'s Am. Pet., Dec. 27, 1999, at 7.) McCoy denies having "ever been insubordinate to any superiors," and claims that he was fired because he had tasked HOVIC for "its unfair practices, its poor treatment of employees[,] and its lack of concern for its workers by filing grievances as a shop steward." He asserts that "HOVIC did not want to pay full benefits of [his] twenty (20) years of service." (*See id.* at 3-4.) Such a retaliatory discharge would violate the CBA's requirement that HOVIC fire employees for cause.[4] McCoy has stated a claim against HOVIC.

HOVIC contends that, "[s]ince [p]laintiff's complaint fails to allege that the [arbitral] decision did not derive from the agreement[,] or . . . that the arbitrator exceeded his authority, [p]laintiff has no claim on which relief may be granted." (Def.'s Mem., Jan. 4, 1996, at 5 (citing *Stroehmann Bakeries, Inc. v. Local 776*, 969 F.2d 1436, 1441 (3d Cir. 1992)).) This argument exalts form over substance. Certainly, diligent counsel would understand McCoy's contention that the arbitrator and "the award [were] biased" to mean that "the [arbitral] decision did not derive from the agreement." HOVIC has more than "fair notice of the claim asserted." *Universe Tankships, Inc. v. United States*, 528 F.2d 73, 75 (3d Cir. 1975) (citation omitted).

## CONCLUSION

If proven at trial, McCoy's allegations would establish that USWA violated its duty of fair representation and that HOVIC breached the CBA by firing him. Accordingly, his complaint states a claim under LMRA section 301, and an Order denying the defendants' motions to dismiss the plaintiff's complaint follows.

## ORDER

For the reasons stated in the attached Memorandum, it is

---

[4] *See Mitchell v. Village Super Market, Inc.*, 926 F. Supp. 476, 480 (D.N.J. 1996) (acknowledging that retaliatory discharge allegation places into serious question "whether just cause existed to justify the discharge"); *Teamsters Local Union 273 v. CSX Beckett Aviation, Inc.*, 687 F. Supp. 985, 986 (W.D. Pa. 1988) (granting summary judgment against employee who *admitted* to trial court that he verbally abused a customer, which conduct constituted cause for dismissal).

ORDERED that the defendants' motions to dismiss are DENIED. Defendant HOVIC's related request for an award of costs, including attorneys' fees and sanctions, is likewise DENIED in all respects.

ENTERED this 16th day of September, 1999.