**FRANCIS X. MINA, Plaintiff**

**v.**

**HOTEL ON THE CAY TIME-SHARING ASSOCIATION, INC., WILLIAM M. DENISON, JOHN GIVIDEN, ANITA M. ROSE, HERMON MIKE, WILLIAM DANNER, WILLIAM SCRANTON, RICHARD BROAD and ANDREW PAPPAS, Defendants**

Civil No. SX-00-CV-451

Superior Court of the Virgin Islands

Division of St. Croix

April 2, 2015

210

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(April 2, 2015)

THIS MATTER is before the Court on Defendant Andrew Pappas's Motion for Partial Summary Judgment and Memorandum in Support ("Motion"), filed April 29, 2004; Defendant's Motion to Deem Conceded, filed June 16, 2004; Defendant's Reply in Support of Andrew Pappas's Motion for Partial Summary Judgment, filed August 4, 2004;[1] and Defendant's Supplemental Brief in Support of Andrew Pappas's Motion for Summary Judgment, filed September 7, 2010.[2] For the reasons that follow, Defendant Pappas's Motion will be granted.

## BACKGROUND

The facts giving rise to this case are discussed in greater detail in a Memorandum Opinion issued together with this Memorandum Opinion and Order, ruling on the similar motion for summary judgment of the remaining Defendants. Here, the Court reviews only facts pertaining to Plaintiff's claims against Defendant Pappas and Defendant Pappas's arguments.

Plaintiff filed his Verified Complaint ("Complaint") specifically alleging intentional infliction of emotional distress and defamation against Defendant Pappas and all other Defendants (Complaint, Counts IV and V). According to Defendant Pappas, without rebuttal from Plaintiff, all events giving rise to Plaintiff's claims against Defendant Pappas originate from four sources.

First, during a Hotel on the Cay Time-Sharing Association, Inc. ("HOTC") unit owners meeting on January 6 or 7, 2000, Plaintiff claims

---

[1] Plaintiff filed no response in opposition to Defendant Pappas's Motion.

[2] Defendant Andrew Pappas filed his Motion separately from a similar motion for summary judgment filed on behalf of the other Defendants. In a Memorandum Opinion and Order issued jointly with the instant Memorandum Opinion and Order, the Court granted partial summary judgment in favor of Hotel on the Cay Time-Sharing Association, Inc. and full summary judgment in favor of the individual Defendants.

that Defendant Pappas stated that Plaintiff was not qualified to be a manager. Motion, 3. Second, Defendant authored four memos addressed to Mina and distributed to the HOTC Board, which detailed various work that needed to be done at the hotel and addressed other deficiencies of Plaintiff as general manager. Motion, 4 (*citing* Exhibits 26-29). Third, during a meeting with the hotel's accountant, Pablo O'Neil, Plaintiff was allegedly kept waiting for thirty-five minutes and was only given twenty-five minutes to explain the hotel's finances. Finally, at the March 25, 2000 Board meeting at which Plaintiff was terminated, Plaintiff alleges that Pappas said to the other members present, "let's get him in here and get it done with." Motion, 5.

As a result of Defendants' conduct, including Pappas, Plaintiff claims that he suffered medical issues including diabetes, high blood pressure and anxiety. Defendant Pappas argues that Plaintiff was seeing a cardiologist and had issues with high blood pressure prior to these events, possibly going back to 1987. Additionally, Defendant Pappas argues that Plaintiff never sought counseling or treatment for the alleged anxiety which Plaintiff attributes, in part, to Pappas's actions. Motion, 6.

## DISCUSSION

A moving party will prevail on a motion for summary judgment where the record shows that there is no unresolved genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), applicable pursuant to SUPER. CT. R. 7; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The reviewing court must determine whether there exists a dispute as to a material fact, the determination of which will affect the outcome of the action under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Such a dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. *Id.* In analyzing the evidence, the court must consider the pleadings and full factual record, drawing all justifiable inferences in favor of the nonmoving party, to determine whether the movant has met its burden of showing that there is no unresolved genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

A party opposing a motion for summary judgment may not rest upon the allegations or denials within its pleadings, but must set forth specific

facts showing that there is a genuine issue for trial, such that the jury or judge as fact finder could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmoving party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record . . ." FED. R. CIV. P. 56(c)(1)(A). *See also Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008), citing Rule 56(e) prior to its 2010 amendment. "As to materiality, only those facts that 'might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).

### Defendant Pappas is entitled to summary judgment on Count IV of Plaintiff's Complaint — Intentional Infliction of Emotional Distress

Plaintiff alleges by his Verified Complaint that Defendants, generally, without specific reference to Defendant Pappas, intentionally inflicted emotional distress upon him. As a result of Defendants' treatment of him of which he complains, Plaintiff claims that following his termination, he suffered various ailments, including high blood pressure, anxiety and heart problems.

To survive a motion for summary judgment when alleging a claim for intentional infliction of emotional distress, the non-movant must ". . . demonstrate that 'the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community,' such that 'the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" ' " *Edwards v. Marriott Hotel Mgmt. Co. (V.I.), Inc.*, 2015 V.I. LEXIS 13, *24 (V.I. Super. Ct. Jan. 29,2015), *quoting* RESTATEMENT (SECOND) OF TORTS § 46, cmt. d.[3]

---

[3] This Court joins the *Edwards* Court in finding that RESTATEMENT (SECOND) OF TORTS § 46 reflects the common law of this jurisdiction. "A *Banks* analysis — and acceptance of — RESTATEMENT (SECOND) OF TORTS § 46 was conducted in *Joseph v. Sugar Bay Club & Resort, Corp.*, ST-13-CV-491, 2014 V.I. LEXIS 14, *8 (V.I. Super Mar. 17, 2014). Binding precedents have also acknowledged that the Virgin Islands recognizes a claim for intentional infliction of emotional distress and application of RESTATEMENT (SECOND) OF TORTS § 46 to the claim. For example. *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 251, 54 V.I.

There do not exist any material facts that are disputed by either party. Plaintiff did not file an opposition to Defendant Pappas's Motion and the presented facts are, therefore, uncontested. The Court applies the undisputed facts to the law to decide if Pappas is entitled to judgment as a matter of law.

■ The acts by which Plaintiff alleges that Defendant Pappas intentionally inflicted upon him emotional distress do not rise to the standard of being ". . . so outrageous in character . . . as to go beyond all possible bounds of decency . . ." Many courts have held that medical conditions, including pure emotional distress, relating to being terminated from employment do not give rise to a *prima facie* case of intentional infliction of emotional distress. See *Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 21, 27 (1st Cir. 1997), *cert. denied* 523 U.S. 1123, 118 S. Ct. 1806, 140 L. Ed. 2d 945 (1998); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1068 (9th Cir. 2002); *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1266 (4th Cir. 1989); *Rush v. United Technologies, Otis Elevator Div.*, 930 F.2d 453, 456 (6th Cir. 1991).

Over the years, courts of the Virgin Islands reviewing claims of intentional infliction of emotional distress on summary judgment have determined that certain behavior does not meet the ". . . so outrageous . . ." standard recently articulated again by the *Edwards* court.[4]

---

849 (3d Cir. 2010) (on appeal from D.V.I.); *Berry v. Jacobs IMC, LLC*, 99 Fed. Appx. 405, 410 (3d Cir. 2004) (on appeal from D.V.I.)." *Edwards*, 2015 V.I. LEXIS 13, at *24, n. 62.

[4] "Even if the Defendant did not have the right to remove Plaintiff from its property, the Court finds that calling Plaintiff's VITA supervisor to advise him that Plaintiff was no longer welcome on Defendant's property does not constitute outrageous conduct. Plaintiff's claim for intentional infliction of emotional distress does not survive summary judgment." *Edwards*, 2015 V.I. LEXIS 13 at *25. In *Manns v. Leather Shop*, 960 F. Supp. 925, 36 V.I. 214, 223-23 (D.V.I. 1997), the court held that "[a]llegations that the defendant made statements concerning the plaintiff's poor job performance and alleged misconduct simply do not rise to the level of extreme and outrageous behavior by the defendant." Even acts that may give rise to successful sexual harassment claims may not rise to the high standard necessary to prevail on an intentional infliction of emotional distress claim: "Other courts have held that conduct that gives rise to Title VII liability does not necessarily support a claim for intentional infliction of emotional distress. See, e.g., *Stingley v. State of Ariz.*, 796 F. Supp. 424, 431 (D.Ariz. 1992) (holding that Title VII statutory discrimination occurs at a much lower threshold of inappropriate conduct than the threshold required for the tort of intentional infliction of emotional distress); *Anspach v. Tomkins Industries, Inc.*, 817 F. Supp. 1499, 1507 (D. Kan. 1993). In *Anspach* a female employee of the defendant company alleged that she was sexually harassed by coworkers, that the company failed to take adequate remedial actions, and that the com-

In this case, examining Plaintiff Mina's deposition and the exhibits that he claims support his allegations reflect conduct of Defendant Pappas that falls substantially short of the type of conduct that case law from this and other jurisdictions has recognized as sufficiently severe and outrageous as to allow an intentional infliction of emotional distress claim to go before a jury.

▉ The letters authored by Pappas directed to Mina, published to the HOTC Board, point out shortcomings in Plaintiff's job performance and identify corrective actions requested by Pappas, as HOTC Vice President of Operations, but they do not rise to the high level needed to prevail on an intentional infliction of emotional distress claim. *See* Motion, Exhibits 26-29. Plaintiff has not argued that these letters are substantively inaccurate. As such, it is not possible to characterize Pappas's presentation of accurate factual content relating to Mina's job performance as extreme and outrageous conduct.

As to the meeting between Plaintiff and HOTC's accountant, Pablo O'Neil, the conduct of which Plaintiff complains, waiting thirty five minutes and only getting twenty five minutes to speak, does not constitute grounds for a claim of intentional infliction of emotional distress.

Finally, with regard to the March 25, 2000 meeting, even if Pappas stated "Let's get him [Mina] in here and get this over with" before firing Plaintiff, these words also do not rise to the level of extreme or outrageous conduct.

Therefore, all of the events and actions which pertain to Defendant Pappas's conduct are not so ". . . outrageous in character . . . as to go beyond all possible bounds of decency . . ." Therefore, Defendant Pappas is entitled to summary judgment on Count IV.

### Defendant Pappas is entitled to summary judgment on Count V — Defamation

Plaintiff alleges that Defendants attacked and defamed his character "by making false and misleading statements concerning Plaintiff's

---

pany retaliated against her for opposing sexual harassment by altering the method in which she operated her machine and demoting her husband. *Anspach*, 817 F. Supp. at 1508. The court found that no reasonable jury could find that this conduct was so extreme and outrageous as to make the company liable for intentional infliction of emotional distress." *Codrington v. V.I. Port Auth.*, 911 F. Supp. 907, 33 V.I. 245, 258 (D.V.I. 1996).

honesty and veracity" (Complaint, ¶ 38) "to Plaintiff's co-employees and other third parties." (Complaint, ¶ 39).

There do not exist any material facts that are disputed by either party. In the absence of any opposition filed by Plaintiff, the Court will apply the uncontested facts to the law to determine whether Pappas is entitled to judgment as a matter of law.

■ The Supreme Court of the Virgin Islands, in *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566 (VI. 2012), set out the elements a plaintiff must establish to survive a motion for summary judgment on a defamation claim:

> The first element is "a false and defamatory statement concerning another." The truth or falsity of a statement is generally a question of fact for the jury, and statement or communication is only defamatory if "it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."
>
> The second element is "an unprivileged publication to a third party." "Publication" means the "communication intentionally or by negligent act to one other than the person defamed." ... The term "unprivileged" refers to the alleged defamer's inability to demonstrate that he was in some way "privileged" to make the defamatory communication ...
>
> The third element can generally be described as "fault." The level of fault varies with the parties to the defamation action, but the Restatement employs the minimum standard in its general definition of defamation. That minimum standard is, "fault amounting to at least negligence on the part of the publisher." ...
>
> The fourth element is "either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."

57 V.I. 566, 586-87 (*citing* RESTATEMENT (SECOND) OF TORTS § 557, 558 (b-d), and 559).[5]

---

[5] The Supreme Court "has adopted the basic elements for a claim of defamation set forth in the Second Restatement of Torts. *See Kendall v. Daily News Pub. Co.*, 55 V.I. 781, 787 (V.I. 2011)." *Id.* 57 V.I. at 585-86.

■ Defendant Pappas's statement to the effect that Mina was not qualified to be a manger does not constitute actionable defamation. First, this is an expression of a subjective opinion which may or may not be objectively true. It cannot be deemed a false statement as it is simply the opinion of an officer of HOTC, who is also a timeshare unit owner, regarding the hotel's management.

Second, the purported statement cannot be seen to harm Plaintiff's reputation in the community or to deter others from dealing with him. The statement does not disparage Mina's character or accuse him of nefarious activity, but rather addresses his on-the-job performance as general manager.

Finally, the statement was made to timeshare unit owners at a HOTC meeting. These owners could be seen to constitute a privileged audience of persons who have a right to exchange information and discourse pertaining to the operation of their facility and the job performance of the officers and managers directing the operation.

Plaintiff claims that Defendant Pappas's written communications constitute defamation, including a memo on March 25, 2000 accusing Plaintiff of various wrongdoing in connection with his duties as General Manager. *See* Motion, Exhibit 26. While the truthfulness of a statement is generally a question of fact for the jury, here no party disputes the contents of that March 25, 2000 memo or any of the correspondence of Pappas relating to Mina's performance. *See* Motion, Exhibits 26-29. As the veracity of these statements is not in controversy, they constitute undisputed facts not subject to a jury's determination, subject to the Court's adjudication as to their legal effect.

■ All of those written communications pertaining to Mina's job performance were published only to Plaintiff himself and the HOTC Board, and do not constitute "an unprivileged publication to a third party." Members of the Board of Directors of HOTC have a fiduciary duty to govern the Association's property and operations. As such, deficiencies in the performance of its general manager and in the hotel's operation are subject to Board review in the exercise of its members' duties. Therefore, the content of the communications relative to perceived deficiencies, the primary subject matter in Exhibits 26-29 were not unprivileged publications to third parties.

218

Therefore, Plaintiff's defamation claims against Defendant Pappas fail to satisfy the four elements outlined in *Joseph*, and Defendant Pappas is entitled to summary judgment on Count V. ·

On the basis of the foregoing, it is hereby

ORDERED that Defendant Andrew Pappas's Motion for Partial Summary Judgment is GRANTED, and it is further

ORDERED that Counts IV and V of Plaintiff's Complaint are DISMISSED WITH PREJUDICE as to Defendant Andrew Pappas.