**WAYNE JAMES, Appellant**

**v.**

**LINDA MORGAN, MARGARET WEISNER and ERIC ERSCHEN d/b/a
FRANK WEISNER & ASSOCIATES, Appellee**

D.C. Civil App. No. 2002/123

District Court of the Virgin Islands

Division of St. Croix, Appellate Division

November 5, 2008

LEE J. ROHN, ESQ., *Attorney for Appellant.*

LINDA R. MORGAN, ESQ., Appellee, *Pro se.*

CAROL G. HURST, ESQ., *Attorney for Appellee Frank Weisner & Associates.*

GÓMEZ, *Chief Judge, District Court of the Virgin Islands;* FINCH, *Judge of the District Court of the Virgin Islands; and* KENDALL, *Judge of the Superior Court of the Virgin Islands, sitting by designation.*

## OPINION OF THE COURT

(November 5, 2008)

### I. ISSUES PRESENTED

PER CURIAM. On appeal, we are asked to determine whether the trial court erred in applying a more stringent pleading standard to an action for defamation than is required by Rule 8 of the Federal Rules of Civil Procedure.

### II. FACTS AND PROCEDURAL POSTURE

On July 27, 1992, Wayne James Retail, Inc. entered into a lease agreement for certain premises owned by The Frank Wiesner Company located in Christiansted, St. Croix. Wayne James ("Appellant"), is the president of Wayne James Retail, Inc. Appellant executed the lease agreement on behalf of Wayne James Retail, Inc. and took possession of the premises in October of 1992. On August 10, 1994, The Frank Wiesner Company filed a forcible entry and detainer action. The complaint alleges that the Appellant stopped paying rent in March of 1994, and despite demand, refused to vacate the premises. (App. at 15-16). The Frank

Wiesner Company was represented by Attorney Linda Morgan ("Morgan").

On January 27, 1995, the trial court entered a judgment of restitution in favor of the landlord. (App. at 24-25.) The writ of restitution was executed by Superior Court Marshals on March 3, 1995.[1] (App. at 26)

On March 6, 1995, Morgan appeared on a television interview which aired on the Channel 8 News program. In said interview, Morgan allegedly claimed that the Appellant was in arrears in his rent from the beginning of his lease; his rent payments bounced and that he was a dishonest, untrustworthy businessman.

On August 28, 1996, Appellant filed a complaint for defamation and infliction of emotional distress against Attorney Morgan, Margaret Wiesner and Erick Erschen d/b/a Frank Wiesner & Associates. ("Appellees"). He alleged that the Appellees defamed and slandered him by falsely claiming, *inter alia,* that he was an untrustworthy business man. (App. at 7.) Appellant alleged that Appellees' actions caused him to suffer "ruination of reputation, mental anguish, loss of business opportunity, loss of business, loss of income, emotional distress, physical injuries, loss of enjoyment of life, and loss of political opportunities." (App. at 8, 9.)

Instead of filing an answer, the Appellees filed motions to dismiss and for a more definite statement.[2] On August 7, 2002, the court granted Appellees' motion to dismiss. (App. at 2-4). This timely appeal followed.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction over the Superior Court's final judgment pursuant to the Revised Organic Act of 1954, as amended, § 23A, 48 U.S.C. § 1613a, and V.I.C. 4 § 33. Our review of a final order granting the defendants' motion to dismiss is plenary. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). This Court must accept as true the: factual allegations in the complaint and all reasonable inferences that can be

---

[1]  At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

[2]  At a status conference held on April 5, 2002, the trial court stayed discovery pending its decision on the motions to dismiss.

drawn therefrom, and determine whether, under any reasonable reading of the pleadings, Appellant must be entitled to relief. *Id.* (*citing Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff's cause of action. *Id.*

## IV. DISCUSSION

### A. Whether there is a proper legal basis for applying a more stringent pleading standard to an action for defamation.

In granting the motion to dismiss, the trial court held that a complaint for defamation is subject to a more stringent pleading standard than the short and plain statement required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Citing *Ersek v. Township of Springfield, Delaware County*, 822 F. Supp. 218, 223 (E.D.Pa. 1993) and *Manns v. The Leather Shop*, 36 V.I. 214, 218-19, 960 F. Supp. 925 (D.V.I. 1997), the court held that the complaint must state what defamatory statements were made, by whom, and to whom. *Id.* As the complaint did not state to whom the defamatory statements were published, the action was dismissed.

Appellant argues that the trial court erred in applying a more stringent standard for pleadings in a defamation action when Rule 8 of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8.

In *Ersek v. Township of Springfield, Delaware County*, 822 F. Supp. 218, 223 (E.D. Pa. 1993 the District Court for the Eastern District of Pennsylvania held that a "complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom." In support of this holding, the *Ersek* court relied on *Moses v. McWilliams*, 379 Pa. Super. 150, 549 A.2d 950, 960 (1988). *Moses* cites to another Pennsylvania Superior Court case, *Gross v. United Engineers & Constructors Inc.*, 224 Pa. Super. 233, 302 A.2d 370, 372 (1973), which reveals that the strict pleading requirement in defamation actions stems from Pennsylvania law.[3] As there is no law in the Virgin Islands authorizing a heightened pleading standard, these cases are

---

[3]    2A Anderson Pa. Civil Practice § 1019.8 (1969).

inapposite. *See also Jones v. Johnson & Johnson*, 1995 U.S. Dist. LEXIS 13453, *2 (E.D. Pa. Sept. 13, 1995) ("Pennsylvania law requires pleading with heightened specificity in defamation cases," but under the federal rules, more stringent pleading is not required); *Krochalis v. Insurance Company of North America*, 629 F. Supp. 1360, 1368 (E.D. Pa. 1985) ("Federal pleading practice may not require the stringent particularity of pleading defamation claims that Pennsylvania practice requires.")

Moreover, the holding in *Ersek* was abrogated by *Joyce v. Alti America, Inc.*, 2001 U.S. Dist. LEXIS 17432, *7 (E.D. Pa. Sept. 27, 2001), which held that "Federal Rule of Civil Procedure 8(a), and not Pennsylvania law, provides the standard of specificity applicable to a plaintiff's defamation claim." (citing *Tuman v. Genesis Associates*, 935 F. Supp. 1375, 1391 (E.D. Pa. 1996).

In *Manns v. The Leather Shop Inc.*, 36 V.I. 214, 960 F. Supp. 925, 928 (D.V.I. 1997), the district court also held that "[a]n allegation of defamation in a complaint is subject to a more stringent standard of pleading under Rule 8 than is usually the case." *See also Frorup-Alie v. V.I. Housing Finance Authority*, 2003 U.S. Dist. LEXIS 25395, *20 (D.V.I. Oct. 26, 2003) ("plaintiff must give the defendant proper notice by pleading the content of the defamatory statement, who made it, to whom the statement was published, and when").

*Manns*, however, relied on the reasoning in *Ersek*, as well as WRIGHT AND MILLER'S FEDERAL PRACTICE AND PROCEDURE.[4] Section 1245 of this treatise states that although the standard for successfully pleading defamation tends to be more stringent than most other claims, the federal rules do not require special pleadings, and that "all the plaintiff technically is required to do is state a claim for which relief may be granted." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1245, p. 429 (2d ed. 1990).

Despite the trial court's reliance upon them, none of these authorities provides a proper basis for applying a stringent pleading standard to defamation actions. *See also VECC, Inc. v. Bank of Nova Scotia*, 296 F. Supp. 2d 617, 621 n. 2 (D.V.I. 2003) ("This Court is not convinced that it is appropriate to apply a more stringent pleading standard to claims for defamation.")

---

[4] CHARLES A. WILLIAM AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1245, p. 429 (2d ed. 1990).

■ In sum, heightened pleading requirements conflict with Rule 8(a)'s simplified pleading standard.[5] A complaint is required to simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (citations omitted). Thus, it is "impossible to square the 'heightened pleading standard' . . . with the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (citations omitted).[6] The trial court, therefore, erred in applying a heightened pleading standard to this Appellant's defamation complaint.

■ To state a claim for defamation under Virgin Islands law, a plaintiff must plead facts which establish four basic elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of "special harm" or the existence of "special harm" caused by the publication. See RESTATEMENT (SECOND) OF TORTS § 558; *see also Manns*, 960 F. Supp. at 929 (citing *Ross v. Bricker*, 26 V.I. 314, 770 F. Supp. 1038, 1042 (D.V.I. 1991)

■ ■ Here, Plaintiff Wayne James specifically identified allegedly false and defamatory statements which the Appellees, allegedly made about his trustworthiness, moral character, and business sagacity. He further alleges that the Appellees made these defamatory remarks to a Channel Eight News reporter on local television. Finally, James alleges that, as a result of the Appellees' actions, he has suffered both damage to his professional reputation and a "loss of economic opportunities," as well as psychological damages, physical injuries, medical expenses, humiliation, mental anguish, pain and suffering." The Court is satisfied

---

[5] SUPER. CT. R. 7 provides: "The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure." As there is no Superior Court rule governing pleadings, the Court must look to the Federal Rules of Civil Procedure.

[6] The Federal Rules already address the need for greater particularity in pleading certain actions, *"[e]xpressio unius est exclusion alterius." Id.; See, e.g.,* FED. R. CIV. P. 9.

that these allegations set forth the elements of a claim for defamation with enough detail to survive a motion to dismiss.[7]

## V. CONCLUSION

For the aforementioned reasons, we will reverse the order granting the motion to dismiss and remand for further proceedings. An order consistent with this opinion shall follow.

---

[7] The narrow issue to be decided on a 12(b)(6) motion to dismiss "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claims." *VECC, Inc. v. Bank of N.S.*, 296 F. Supp. 2d 617, 623 (D.V.I. 2003); *Burlington,* 114 F.3d at 1420.